UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------X
JOHN VALENTIN,

                      Plaintiffs

-against-

COUNTY OF SUFFOLK, POLICE OFFICER
A. WEISS, Shield No. 5464, SERGEANT
JOHN IGLESIAS, Shield No. 969,
JOHN DOE #s 1 through 6, identities
unknown, BEING SUFFOLK COUNTY
POLICE OFFICERS WHO RESPONDED TO
169 BALDWIN PATH, DEER PARK, N.Y.,
ON AUGUST 14, 2004, WHERE THEY
ENCOUNTERED PLAINTIFF,

                      Defendants
--------------------------------X     **COMPLAINT**

CV 06 2585

WEXLER, J.

ORENSTEIN, M.J.

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ MAY 24 2006 ★
BROOKLYN OFFICE

    Plaintiff, by his attorney, K.C. OKOLI, ESQ., complaining of the defendants, alleges as follows:

### JURISDICTION AND VENUE

    1. Jurisdiction is founded upon the existence of a Federal Question.

    2. This action is brought pursuant to the Civil Rights Act, 42 U.S.C. §1983. The jurisdiction of the Court is invoked to secure the protection and redress the violation of rights guaranteed to plaintiff by the Fourth and Fourteenth Amendments

1

to the Constitution of the United States.

3. The jurisdiction of the Court over these claims is founded on 28 U.S.C. §§1331 and 1343.

4. This Court has supplemental jurisdiction over the related state claims or causes of action pleaded herein, pursuant to 28 U.S.C. §1367.

5. Venue is proper in this district based upon the fact that the events or omissions giving rise to the claims asserted herein occurred within the district.

6. Acting pro se, Plaintiff had prematurely filed a motion in January 2005, for leave to serve and file a late Notice of Claim, to which he attached said Notice of Claim, believing that he was late in serving a Notice of Claim.

7. In fact, the time to serve said Notice of Claim did not even begin to run until May 26, 2005, when the prosecution of plaintiff as a result of the incident terminated. Plaintiff's prosecution arising from the incident did not terminate until May 26, 2005.

8. On May 12, 2006, plaintiff served an Amended Notice of Claim upon the County of Suffolk with regard to the state claims.

9. More than 30 days has elapsed since the service of the original Notice of Claim and no adjustment of the claim has been made.

10. With regard to the state caused of action herein, this action is being commenced within one year and ninety days of the accrual of the claim.

## PARTIES

11. At all times hereinafter mentioned, plaintiff, JOHN VALENTIN, ("VALENTIN" or "Plaintiff"), was a resident of the County of Suffolk, State of New York.

12. Upon information and belief, at all times hereinafter mentioned, defendant the COUNTY OF SUFFOLK (hereinafter, "County" or "Suffolk") is a municipal corporation established under and by virtue of the laws of the State of New York.

13. At all times hereinafter mentioned, defendant POLICE OFFICER A. WEISS (hereinafter, "WEISS") was a police officer employed by the County.

14. At all times hereinafter mentioned, defendant SERGEANT JOHN IGLESIAS (hereinafter, "IGLESIAS") was a police sergeant employed by the County.

15. At all times hereinafter mentioned, the County maintained, operated, controlled and supervised a police department, Suffolk County Police Department, in which the individual defendants worked.

16. At all times hereinafter mentioned, the Suffolk County Police Department employed police officers who performed law

3

County's territorial limits, including the individual defendants named herein.

17. At all times hereinafter mentioned, the individual defendants were acting in the course and within the scope of their employment, as police officers and employees of the County.

18. At all times hereinafter mentioned, the individual defendants were acting under color of the statutes, ordinances, regulations, customs and usages of the County, and the State of New York, and under the authority of their office as police officers.

## FACTUAL ALLEGATIONS

19. On or about August 14, 2004, at approximately 9:45 A.M., Plaintiff was lawfully present in front of his sister's home where he was then residing at 169 Baldwin Path, Deer Park, New York 11729.

20. Plaintiff had just given a cigarette to a Caucasian young man in his 20s who had just requested a cigarette from Plaintiff. Plaintiff had seen this young man in the apartment complex a few times but otherwise was not acquainted with him.

21. Shortly thereafter, one police car arrived in front of 169 Baldwin Path, and two Caucasian police officers approached the young man, questioned him and placed him in handcuffs.

22. As one of the police officers led the handcuffed man to their car, the other police officer requested Plaintiff to show him some identification of himself.

23. Plaintiff was beginning to comply by putting his hand in his pocket to retrieve an identification when the police officer, without any warning, shoved his hand into Plaintiff's other pocket.

24. Plaintiff pulled back and verbally protested this unwarranted invasion of his person and privacy.

25. This police officer then proceeded to grab Plaintiff, who had not laid any hand on the officer, by the neck and arm.

26. The officer, still without telling Plaintiff what crime he had committed, tried to twist Plaintiff's arm behind Plaintiff's back, in an apparent attempt to handcuff Plaintiff, and a struggle ensued.

27. As Plaintiff was still struggling with the police officer, the other police officer who had placed the arrested young man in their police car joined in, and they both began to rough handle Plaintiff.

28. As Plaintiff was still demanding to know what was going on, and why they were attempting to handcuff him, the next thing Plaintiff saw was the arrival of additional police officers in police vehicles.

5

29. These other officers who later arrived joined the two original officers, and they viciously tackled and violently wrestled Plaintiff to the ground.

30. Still without telling Plaintiff why they wanted to take him into their custody, the police officers kicked and stomped on Plaintiff causing him to fracture and dislocate his left leg. Plaintiff also suffered contusions and lacerations.

31. From the scene of this encounter, the police officers took Plaintiff to the emergency room of Brunswick Hospital where Plaintiff was treated, and his fractured and dislocated leg placed in a plaster cast.

32. In order to cover their misdeed and intimidate Plaintiff, Plaintiff was issued a Desk Appearance Ticket ("DAT"), just prior to his admission to Brunswick Hospital. In said DAT, the defendants falsely stated that Plaintiff had an open bottle of alcoholic beverage, and had resisted arrest.

33. As a result of this unlawful and improper conduct on the part of the aforesaid police officers, on or about August 18, 2004, the New York State Department of Correctional Services ("DOCS") took into its custody, Plaintiff who was still on a work release program at the time of the encounter. As a result of this unnecessary encounter, DOCS incarcerated Plaintiff for upwards of five (5) months.

34. The defendants also issued a summons to Plaintiff,

falsely stating that Plaintiff was found in possession of an open bottle of "Corona" beer which was allegedly observed by Police Officer A. Weiss.

35. Defendants commenced the malicious prosecution of the Plaintiff on these false charges, and continued to prosecute him until all charges were unconditionally dismissed on May 26, 2005.

36. Plaintiff has since been treated by many health care professionals and institutions for the injuries which he sustained at the hands of the aforesaid defendants.

## COUNT 1: 42 U.S.C. §1983
## UNLAWFUL SEIZURE AND EXCESSIVE FORCE

37. Plaintiff repeats and realleges each and every allegation contained in paragraphs "1" through "36" as if fully set forth herein.

38. The defendants violated plaintiff's civil and constitutional rights under the Fourth Amendment by unlawful seizure of his person, and the **use of excessive force** in effecting the seizure of Plaintiff on August 14, 2004.

39. By reason of the foregoing, plaintiff has suffered loss an damage.

## COUNT II: ASSAULT AND BATTERY

40. Plaintiff repeats and realleges each and every allegation contained in paragraphs "1" through "39" as if fully set forth herein.

41. Defendants intentionally kicked, stomped, battered and otherwise assaulted Plaintiff without lawful justification.

42. Plaintiff did not consent to said offensive contact with his person by the defendants.

43. By reason of the foregoing, defendants committed assault and battery on Plaintiff and Plaintiff has suffered loss an damage.

## COUNT III:   42 U.S.C. §1983: MALICIOUS PROSECUTION

44. Plaintiff repeats and realleges each and every allegation contained in paragraphs "1" through "43" as if fully set forth herein.

45. Defendants commenced and continued the malicious prosecution of the Plaintiff without any probable cause.

46. Said prosecution was with malice in that the charges were trumped up and false charges.

47. The prosecution terminated in favor of the Plaintiff when the charges were dismissed unconditionally on or about May 26, 2005.

48. By reason of the foregoing, Plaintiff has suffered loss and damage.

## COUNT IV: LOSS OF LIBERTY & DUE PROCESS VIOLATION

49. Plaintiff repeats and realleges each and every allegation contained in paragraphs "1" through "48" as if fully set forth herein.

50. At all times material to this action, Plaintiff was on a Work Release Program.

51. Part of the conditions of Plaintiff's work release was that Plaintiff would not have any untoward encounter with law enforcement during his work release.

52. As law enforcement officers, the defendants knew or should have known that the kind of encounter which they initiated between themselves and Plaintiff would likely result in Plaintiff being penalized by DOCS.

53. By reason of the aforesaid unlawful conduct of the defendants, DOCS charged Plaintiff with a violation of Plaintiff's conditions of work release, and incarcerated Plaintiff for upwards of five (5) months.

54. By reason of the foregoing, plaintiff has suffered loss an damage.

55. Jury trial is demanded for all matters triable by jury.

**WHEREFORE**, Plaintiff requests that the Court grant the following reliefs:

9

a) On COUNT I, compensatory damages in the sum of FIVE MILLION DOLLARS ($5,000,000.00);

b) On COUNT II, compensatory damages in the sum of FIVE MILLION DOLLARS ($5,000,000.00);

c) On COUNT III, compensatory damages in the sum of FIVE MILLION DOLLARS ($5,000,000.00);

d) On COUNT IV, compensatory damages in the sum of FIVE MILLION DOLLARS ($5,000,000.00).

e) Punitive damages in the sum of TEN MILLION DOLLARS ($10,000,000.00).

f) Attorney's fees, and such other or further relief as to this Court shall seem just and proper in the circumstances.

Dated:   New York, New York
         May 24, 2006

*[signature]*

K.C. OKOLI, ESQ.
(KO 7222)
Attorney for Plaintiff
JOHN VALENTIN
330 Seventh Avenue
15th Floor
New York, N.Y. 10001
(212) 564-8152

TO:

CHRISTINE MALAFI
SUFFOLK COUNTY ATTORNEY
Attorney for Defendants
100 Veterans Memorial Highway
P.O. Box 6100
Hauppauge, New York 11788